AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
v1        Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>DONNIE ANDERSON | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(WO) |

**Case Number:** 3:13cr100-01-WKW

**USM Number:** 14785-002

**Date of Original Judgment:** 11/12/2014
(Or Date of Last Amended Judgment)

Laronda Martin
Defendant's Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☑ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☑ pleaded guilty to count(s)   1ss,3ss-4ss,9ss,14ss,17ss and 43ss of the Second Superseding Indictment on 04/30/2014

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 and 7:2156 | Conspiracy to Sponsor, Exhibit, Buy, Sell, Possess, Train or Transport a Dog for Participation in an Animal Fighting Venture | 11/14/2013 | 1ss |
| 7:2156(a)(1) | Sponsoring and Exhibiting a Dog in an Animal Fighting Venture | 09/25/2013 | 3ss |
| 7:2156(a)(1) | Sponsoring and Exhibiting a Dog in an Animal Fighting Venture | 08/07/2011 | 4ss |
| 7:2156(a)(1) and (b) | Sponsoring and Exhibiting a Dog in an Animal Fighting Venture | 12/03/2011 | 9ss |

☑ See additional count(s) on page 2

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) (*) see below     ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

(*) Original Indictment -   1,2-4,6-7,9,13,14,17, 20-23,26,28,33

Superseding Indictment - 1s-4s,6s-7s,9s,13s-15s, 17s-21s,24s,26s,30s

Second Superseding Indictment - 2ss,6ss,7ss,13ss,15ss, 18ss,27ss,44ss-47ss,50ss, 52ss,56ss,57ss

11/07/2014
Date of Imposition of Judgment

Signature of Judge

W. KEITH WATKINS, CHIEF U.S. DISTRICT JUDGE

Name of Judge        Title of Judge

2/3/15
Date

AO 245C      (Rev. 09/11) Amended Judgment in a Criminal Case
v1              Sheet 1A

DEFENDANT: DONNIE ANDERSON                               Judgment Page: 2 of 8
CASE NUMBER:  3:13cr100-01-WKW

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 7:2156(a)(1) | Sponsoring and Exhibiting a Dog in an Animal Fighting Venture | 04/07/2012 | 14ss |
| 7:2156(b) | Sponsoring and Exhibiting a Dog in an Animal Fighting Venture | 08/23/2013 | 17ss |
| 18:1955; 2 | Conducting a Gambling Business Involving Dog Fighting; Aiding and Abetting | 11/14/2013 | 43ss |

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
v1              Sheet 2 — Imprisonment

DEFENDANT: DONNIE ANDERSON                                     Judgment Page: 3 of 8
CASE NUMBER: 3:13cr100-01-WKW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:

> 96 Months.  This term consists of 60 months as to Count 1ss, 36 months as to Counts 3ss, 4ss,9ss,14ss,17ss and 43ss
> to be served concurrently to each other but consecutively to Count 1ss.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____    ☐ a.m.    ☐ p.m.    on _____

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2:00 PM on _____1/20/2015_____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C      (Rev. 09/11) Amended Judgment in a Criminal Case
v1                  Sheet 3 — Supervised Release

DEFENDANT: DONNIE ANDERSON                                  Judgment Page: 4 of 8
CASE NUMBER: 3:13cr100-01-WKW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
3 Years.  This term consists of 3 years as to each count to run concurrently.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court and the probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemnt agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C      (Rev. 09/11) Amended Judgment in a Criminal Case
v1           Sheet 3C — Supervised Release

DEFENDANT:  DONNIE ANDERSON                        Judgment Page: 5 of 8
CASE NUMBER:  3:13cr100-01-WKW

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in a program of drug testing administered by the United States Probation Office as directed.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

Defendant shall not possess a dog during his period of supervised release.

AO 245C      (Rev. 09/11) Amended Judgment in a Criminal Case
v1           Sheet 5 — Criminal Monetary Penalties

DEFENDANT: DONNIE ANDERSON                                    Judgment Page: 6 of 8
CASE NUMBER: 3:13cr100-01-WKW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 700.00 | $ | $ 580,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| ASPCA | | $580,000.00 | |
| ATTN: Tim Rickey | | | |
| 520 8th Ave, 7th Floor | | | |
| New York, New York 10018 | | | |
| **TOTALS** | $0.00 | $580,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine  ☑ restitution.

    ☐ the interest requirement for the   ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
v1          Sheet 6 — Schedule of Payments

Judgment Page: 7 of 8

DEFENDANT:  DONNIE ANDERSON
CASE NUMBER:  3:13cr100-01-WKW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  580,700.00        due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance     ☐  C,   ☐  D,   ☐   E, or   ☐  F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District c Alabama, Post Office Box 711,
    Montgomery, Alabama 36101. Defendant shall pay restitution in the amount of $25.00 per quarter while in the custody of the Bureau of
    Prisons. Any balance remaining at the start of supervision shall be paid at the rate of not less than $125.00 per month. To the extent that
    other defendants are ordered in this case or in any other case to be responsible for some or all of the restitution amount owed to the victim,
    the victim is entitled to only one recovery, from whomever received, In other words, the victim is not allowed to receive compensation in
    excess of its loss.          (*)   see page 8 for related cases/defendants

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All crimnal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Related cases/defendants:

| | |
|---|---|
| 3:13cr100-04-WKW | Irkis Forrest |
| 3:13cr100-07-WKW | Robin Stinson |
| 3:13cr100-09-WKW | Michael Martin |
| 3:13cr100-10-WKW | Lawrence Watford |
| 3:13cr100-11-WKW | Ricki Van Le |
| 3:13cr100-12-WKW | David Sellers |